IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  08-1274-JTM-KMH |
| v. | ) ) | C O M P L A I N T |
| AKAL SECURITY, INC., | ) ) | JURY TRIAL |
| Defendant. | ) ) ) ) ) | DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy and retaliation, and to provide appropriate relief to Melissa Bell, Sahra Carter, Makeesha Delaney, Angela Garcia, Verncia Hutto, Rebecca Martinez, Elizabeth Parker, Tamara Ransom, Shannon Smith (fka Hunter) and other similarly-situated female security guards who worked for Akal Security, Inc. on U.S. Army bases from April 3, 2004, to the present (hereinafter collectively referred to as "the Class"). The Class was and is being subjected to less favorable terms and conditions of employment because of pregnancy and forced to take a leave of absence and/or discharged because of pregnancy. Martinez also was subjected to retaliation for complaining about discrimination.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3)

and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were, and are now, being committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant, Akal Security, Inc. (the "Employer"), has continuously been a New Mexico corporation doing business in the State of Kansas in Riley County on Fort Riley, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Melissa Bell, Sahra Carter, Makeesha Delaney, Angela Garcia, Verncia Hutto, Rebecca Martinez, Elizabeth Parker, Tamara Ransom and Shannon Smith (Hunter) filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least February 18, 1995, Defendant Employer has engaged in unlawful employment practices at U.S. Army Bases nationwide, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a).

    a. Defendant Employer has afforded female employees less favorable terms and conditions of employment because of pregnancy;

    b. Defendant Employer has wrongfully forced female employees to take a leave of absence and/or discharged them because of pregnancy; and

    c. Defendant employer has retaliated against Martinez for complaining about discrimination.

13. The effect of the practices complained of in paragraphs 12a – 12c above has been to deprive the Class of equal employment opportunities and otherwise adversely affect their status as employees, because of pregnancy.

17. The unlawful employment practices complained of in paragraphs 12a – 12c above were and are intentional.

18. The unlawful employment practices complained of in paragraphs 12a – 12c above were and are done with malice or with reckless indifference to the federally protected rights of the Class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from affording female employees less favorable terms and conditions of employment because of pregnancy, terminating female employees because of pregnancy, and retaliating against female employees for complaining about pregnancy discrimination.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make the Class whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Class members or front pay in lieu thereof.

G.     Order Defendant Employer to make the Class whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12a – 12c above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

H.     Order Defendant Employer to make the Class whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12a–12c above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.     Order Defendant Employer to pay the Class punitive damages for its malicious and reckless conduct described in paragraphs 12a- 12c above, in amounts to be determined at trial.

J.     Grant such further relief as the Court deems necessary and proper in the public interest.

K.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Barbara A. Seely
Regional Attorney

*[signature]*

Anne E. Gusewelle
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Kansas City Area Office
4th and State Avenue
Gateway Tower II, 9th Floor
Kansas City, Kansas 66101
(913) 551-5844

5