IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                 Plaintiff,

and

MELISSA BELL, SAHRA CARTER,
MAKEESHA DELANEY, ANGELA
GARCIA, VERNCINA HUTTO, REBECCA
MARTINEZ, ELIZABETH PARKER,               Case 08-1274-JTM-KMH
TAMARA RANSOM, and SHANNON
SMITH (f/k/a/ SHANNON HUNTER),

                 Plaintiff-Interveners,

                 vs.

AKAL SECURITY, INC.,

                 Defendant.

MEMORANDUM AND ORDER

Presently before the court is defendant Akal Security, Inc.'s (Akal's) motion to join the United States Secretary of Defense pursuant to Rule 19 of the Federal Rules of Civil Procedure or dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) (Dkt. No. 30).  For the following reasons, this court denies the motion.

I.  Background

In September 2003, defendant Akal entered into multiple contracts with the Army, in which Akal agreed to provide security guards at various United States Army bases.  The Performance Work Statement, included in the contracts, defined the necessary qualifications for

1

an employee, including required medical examinations, physical requirements and reliability standards.  Further, section C.5.10 of the contracts provided that security guard employees are to demonstrate their physical agility through a physical agility test (PAT), as outlined in Army Regulation 190-56.  Each security guard must pass the PAT upon hire and annually throughout his or her employment.  The PAT currently in use was revised and implemented in 2007.

Akal hired the nine Plaintiff-Interveners (Interveners) as security guards at various Army bases, pursuant to the contracts.  Between 2004-2005, the nine employees claim that Akal engaged in discriminatory actions against them because they were pregnant, and filed charges with the Equal Employment Opportunity Commission (EEOC).

The EEOC brought this action against Akal on behalf of the nine employees, alleging pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 (Dkt. No. 1). The nine employees later moved to intervene as plaintiffs in this case (Dkt. No. 3).  The EEOC and Interveners' complaints included allegations that Akal engaged in unlawful employment practices by way of affording females less favorable conditions of employment due to pregnancy, and wrongfully forcing pregnant females to take a leave of absence or discharging them, often through the use of the PAT.

Two Interveners' allegations concern Akal's administration of the PAT.  Specifically, the two Interveners allege that after notifying their supervisors at Akal of their pregnancy, one was required to take the PAT, despite the fact that she had taken it two months prior, and the other was not allowed to take an alternative test that would accommodate her pregnancy.  Akal responds that its contracts with the Army mandated the use of the test, which, in turn, makes the United States Secretary of Defense (Secretary), as representative for the Army, a required and

2

indispensable party.  Also, Akal claims that the Secretary should be joined because only the

Army can grant the EEOC's Conciliation Agreement request for the termination of the PAT.

Therefore, Akal moved to join the Secretary as a defendant pursuant to Rule 19, or, to dismiss

for failure to join an indispensable party, pursuant to Rule 12(b)(7).

## II.  Legal Standard

Rule 19 of the Federal Rules of Civil Procedure sets the standard for whether an absent

party is a required and/or indispensable party to an action.  *Citizen Potawatomi Nation v. Norton*,

248 F.3d 993, 997 (10th Cir. 2001).  The court uses a two-step analysis to assess a Rule 19

required joinder motion.  *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407,

1411 (10th Cir. 1996).  First, pursuant to Rule 19(a), the court must determine whether the

absent party is a required or necessary party to the action.  *Id.*  If the court finds the absent party

is a required party pursuant to Rule 19(a), then the party should be joined if feasible.  *Id.*  If,

however, the party cannot be joined, then the court moves to step two in the analysis and applies

the factors set forth in Rule 19(b) to determine if the party is indispensable.  *Id.*

To determine whether the absent party is a required or necessary party, Rule 19(a)

provides:

> (A) in that person's absence, the court cannot accord complete
> relief among existing parties; or (B) that person claims an
> interest relating to the subject of the action and is so situated that
> the disposing of the action in the person's absence may: (i) as a
> practical matter impair or impede the person's ability to protect
> that interest; or (ii) leave an existing party subject to a substantial
> risk of incurring double, multiple, or otherwise inconsistent
> obligations because of the interest.

Fed. R. Civ. P. 19(a).  The defendant has the burden of showing the nature of the absent party's

interest in a case, and that the party's continued absence will impair the protection of that

interest. *Kansas City Royalty Co. v. Thoroughbred Assocs.*, 215 F.R.D. 628, 630 (D. Kan. 2003).

This burden can be met by producing affidavits of individuals who have knowledge of the absent

party's interest, as well as other evidence. *Id.* If the court finds the absent party is not a required

party to the action the analysis stops. *See Dupps Co. v. Livingston*, No. 03-1035, 2003 WL

22594355 (D. Kan. Nov. 6, 2003) (ending the Rule 19 analysis at step one when the court found

the absent party was not necessary to the action).

If the required party cannot be joined, Rule 19(b) provides the factors for an

indispensable party:

> First, the extent to which a judgement rendered in the person's
> absence might prejudice that person or the existing parties; second,
> the extent to which any prejudice could be lessened or avoided by:
> protective provisions in the judgment; shaping the relief; or other
> measures; third, whether a judgement rendered in the person's
> absence would be adequate; and fourth, whether the plaintiff
> would have an adequate remedy if the action were dismissed for
> nonjoinder.

Fed. R. Civ. P. 19(b). To conclude a party indispensable, "the Court must find in equity and

good conscience that the action should not proceed in the party's absence." *Kansas City Royalty

Co.*, 215 F.R.D. at 630.

The defendant can also bring an indispensable party to the court's attention by making a

Rule 12(b)(7) motion. Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, the

court may dismiss a case for the failure to join a necessary and indispensable party under Rule

19. *Union Pacific R.R. v. United Transp. Union*, No. 05-2332, 2006 WL 618144, *2 (D. Kan.

Mar. 10, 2006) (citing *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292,

1293 (10th Cir. 1994)).

### III.  Analysis

4

Akal argues that because the Army created and contractually required the administration of PAT to the Interveners, the Secretary is a required and indispensable party pursuant to Rule 19. Before a court can determine whether a party is indispensable, it first must find that the party is required. *Kansas City Royalty Co.*, 215 F.R.D. at 634. Rule 19(a) provides three prongs to determine if an absent party is required: (1) whether, in the party's absence, complete relief can be granted to the existing parties; (2) whether the absent party claims an interest related to the action, and their continued absence would impair their ability to protect that interest; and (3) whether the absent party claims an interest such that their continued absence would leave an existing party subject to the risk of incurring multiple or inconsistent obligations. *Rishell*, 94 F.3d at 1411 (citing Fed. R. Civ. P. 19(a)).

*1. The Ability to Grant Complete Relief*

Rule 19(a)(1)(A) provides that a required party is one where, in their absence, the court is unable to provide complete relief to the existing parties. "Complete relief" refers to relief for the existing parties to the action, and not relief between the existing parties and the absent party. *Champagne v. City of Kansas City*, 157 F.R.D. 66, 67 (D. Kan. 1994). This section focuses on the court's interest in the complete and efficient resolution of disputes between individuals. *See Kansas City Royalty Co.*, 215 F.R.D. at 635 (discussing the courts inability to grant the requested relief of the existing parties without taking part of a non-party's interest).

Akal argues that the court will be unable to grant the existing parties complete relief without the joinder of the Secretary because the Army requires the policy at issue, and will continue to require it until it is deemed unnecessary. Because the Army mandates the PAT, Akal argues that only the Army can grant the EEOC's Conciliation Agreement request to terminate

5

the PAT.  Thus, Akal claims that joining the Secretary puts the court in a position to be able to grant complete relief.

The EEOC and Interveners respond that this is an employment discrimination case concerning actions taken by an employer against an employee.  In this case, the Interveners allege that their employer Akal engaged in discriminatory actions.  The EEOC and Interveners argue that they are challenging Akal's *discriminatory use* of the PAT from 2003 to 2007, rather than the PAT itself.  Further, the EEOC responds that the previous claims in its consolidation agreements to revise the PAT were requested before it was aware of the 2007 revision of the test. Thus, the EEOC and Interveners argue that the Secretary's continued absence from this action will not impact the court's ability to grant complete relief.

The court finds that the Secretary is not needed to grant complete relief to the existing parties.  The EEOC and Interveners seek an injunction enjoining Akal from giving female employees less favorable conditions of employment because of pregnancy, requiring Akal to establish policies to provide equal employment opportunities for pregnant employees, and to provide the appropriate backpay to the Interveners.  This relief can be provided in whole without joining the Secretary because all the sought relief concerns actions relating to Akal.

Additionally, this action involves employment discrimination, which concerns actions taken by an employer against an employee.  The alleged unlawful actions were taken by Akal against its pregnant employees, and no unlawful actions are alleged against the Army.  Further, the contracts between Akal and the Army clearly state that the security guards hired by Akal will not be considered employees of the government and will remain at all times employees of Akal (Dkt. No. 31, Exhibit D § C.5.1.2).

Furthermore, the EEOC and Interveners do not challenge the current test being used, only Akal's discriminatory use of the PAT in force between 2003 and 2007.  Of the nine Plaintiff-Interveners, only two refer to the PAT in their allegations.  One alleges that Akal required her to take the test right after she informed her supervisor of her pregnancy, although she had been tested about two months prior.  The other Plaintiff-Intervener alleges that Akal would not allow her to take an alternative test because she could not take the PAT due to her condition.  Both Interveners are referring to Akal's administration of the test, not the test itself.  Therefore, the court finds that the Secretary is not needed to provide complete relief to the existing parties in this action.

*2. The Army's Interest in the Action*

A required party pursuant to Rule 19(a)(1)(B)(I) is a party that claims an interest in the action, and whose continued absence will impair their ability to protect that interest.  Akal argues that the Army has an interest in this case because it involves a dispute about the application of a policy created and implemented by the Army through its contracts.  Because it is the Army's responsibility to protect individuals on Army bases, Akal argues that the Army is the best party to explain why it designed and required the use of the PAT.  Akal claims that without the joinder of the Secretary, a ruling in this case could impact the Army's ability to provide security on all United States Army bases.

The EEOC and Interveners respond that the Army did not require Akal to use the PAT in its contracts, and thus, the Army has no legal interest in this action.  Also, the EEOC and Interveners argue that any information the Army might possess about the design and

implementation of the PAT can be obtained through the Court's discovery procedures, and the possession of this information is not a basis for making the Army a party to this action.

As discussed above, this case involves a Title VII pregnancy discrimination claim with allegations by the Interveners against Akal. Akal argues that the Army should be joined because this case involves a dispute over the Army implemented PAT. However, the PAT is only one part of the Interveners allegations against Akal, and only two employees' allegations refer to the test. There is no threat to the Army's interest in its ability to ensure the security on its bases because the EEOC and Interveners do not challenge the current PAT. The court finds that the Army does not have an interest in this action because the allegations go to Akal's administration of the PAT, and therefore, the Secretary's continued absence will not impair any interest that they may have in this action.

*3. Akal's Risk of Multiple or Inconsistent Obligations*

A party is a required party pursuant to Rule 19(a)(1)(B)(ii) if the absent party claims an interest, and their absence would leave an existing party subject to the risk of multiple or inconsistent obligations. Akal claims that without the joinder of the Secretary, an injunction against the use of the PAT would attach only to Akal, which would cause Akal to violate a court order or breach its contracts with the Army. The EEOC and Interveners respond that there is no risk to Akal of multiple or inconsistent obligations because the currently used PAT, instituted in 2007, is not being challenged, thus freeing Akal from any contractual disputes.

As previously discussed, the EEOC and Interveners are not challenging the current PAT or asking for any relief that would put Akal in the position of violating their contracts with the

Army.  Thus, Akal will not be at risk of multiple or inconsistent obligations if the Secretary is not joined.  As such, the motion is denied.

Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, the court may dismiss a case for the failure to join a necessary and indispensable party under Rule 19.  *Union Pacific R.R.*, 2006 WL 618144, at *2.  As discussed above, this court does not find the Secretary to be a required party to this action as defined by Rule 19(a); thus the court denies the Rule 12(b)(7) motion to dismiss.

In sum, the court finds that the Secretary on behalf of the Army is not a required party to the suit and denies the defendant's motion to dismiss.

IT IS ACCORDINGLY ORDERED this 29th day of July, 2009, that the present motion is hereby denied.

  s/ J. Thomas Marten      
J. THOMAS MARTEN, JUDGE