IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| MELISSA BELL, et al., | ) ) |
| Plaintiff-Interveners, | ) ) ) |
| | ) Case No. 08-1274-JTM-KMH |
| | ) ) |
| AKAL SECURITY, INC., | ) ) |
| Defendant. | ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action alleging that Defendant Akal Security, Inc. ("Akal") violated Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (hereinafter collectively "Title VII") by discriminating against pregnant female employees Melissa Bell, Sahra Sutton (f/k/a Sahra Carter), Makeesha Delaney, Angela Garcia, Verncina Hutto, Rebecca Martinez, Elizabeth Poulson (f/k/a Elizabeth Parker), Tamara Coulter (f/k/a Tamara Ransom), Shannon Smith (f/k/a Shannon Hunter) and other similarly-situated female security guards who worked for Akal Security, Inc. on U.S. Army bases from April 3, 2004, through the completion of those contracts (hereinafter collectively referred to as "the Class"). The Commission alleged that the Class was subjected to less favorable terms and conditions of employment because of pregnancy and forced to take a leave of absence and/or discharged because of pregnancy. The Commission further alleged that Martinez was subjected to retaliation for complaining about discrimination.

On December 18, 2008, Bell, Coulter, Delaney, Garcia, Hutto, Martinez, Poulson, Smith, and Sutton intervened in the action to assert individual claims for relief.

As a result of having engaged in comprehensive settlement negotiations, the EEOC; private Plaintiffs Bell, Coulter, Delaney, Garcia, Hutto, Martinez, Poulson, Smith, and Sutton, and Akal have agreed that these actions should be finally resolved by entry of this Consent Decree. By entering into this agreement, Akal does not admit any violation of law or wrongdoing. This Decree fully and finally resolves any and all issues and claims arising out of the complaints filed by the EEOC and the private Plaintiffs in these actions.

## I.  FINDINGS

Having examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

1. This Court has jurisdiction over the subject matter of these actions and the parties to these cases;

2. The terms of this Decree are adequate, reasonable, equitable and just, and the rights of the parties, class members and the public interest are adequately protected by this Decree; and

3. This Decree conforms to the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, class members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## II.  PROSPECTIVE RELIEF

1. Akal, its directors, officers, agents, and all those acting in concert with them will refrain from engaging in any employment practice that discriminates on the basis of pregnancy including, but not limited to, utilizing an employment test in a discriminatory manner so as to screen out pregnant employees, imposing job duties or requirements on pregnant employees that it does not impose on other employees, denying job accommodations to pregnant women when it provides them to other employees with short-term disabilities, and requiring pregnant employees to undergo fitness for duty exams when there is no evidence of an impairment in job function and similarly-situated non-pregnant employees are not subject to this requirement.

2. Akal, its directors, officers, and agents will refrain from retaliating in any way against any person because such person has opposed any practice made unlawful under Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under or benefitted from this Decree.

## III.  THE CLASS

The class members below were identified through extensive search efforts by the EEOC.  During discovery in this case Akal furnished the Commission with the last known address and social security number for all women who worked for the company from April 2, 2004 to the conclusion of the contracts as a security guard on the U.S. Army Bases at issue in this case, Forts Riley, Hood, Stewart, Campbell, Lewis, Anniston, Sunny Point and Blue Grass Army Depot.

With this information, the Commission obtained the most current available address for each woman from Accurint. The Commission then sent a letter to each woman at that address, explaining the Agency's allegations in the suit, and asking any woman with information to contact the agency at the telephone number provided. For letters that were returned, additional efforts were made to locate the potential class member by, for example, calling neighbors listed at former addresses and family members.

All women who contacted the EEOC regarding this suit and have claimed to experience pregnancy discrimination falling within the allegations of the Commission's complaint were invited to participate in the suit as class members. Only those women who were identified by the Commission during this process, and who agreed to participate in this suit are class members entitled to recover in this action. Those women are identified by name in Section IV, below.

## IV.  MONETARY RELIEF

1. Akal shall pay total monetary relief of $1,620,000. This figure includes $950,000 to be apportioned between back wages, compensatory damages, and interest for Plaintiff-Interveners and the EEOC's class members, as well as a payment of $670,000 towards the attorney's fees and costs incurred by Plaintiff-Interveners' attorneys, Foulston Siefkin LLP.[1]  Allocation of the settlement proceeds for back wages,

---

[1] Plaintiff-Interveners and class members Robin James and Cassandra Robinson have been represented by Foulston Siefkin LLP with respect to their claims of pregnancy discrimination since well prior to the filing of this lawsuit. Each of these individuals executed a Representation and Fee Agreement with Foulston Siefkin LLP that defines how attorney's fees will be computed. These agreements take into account individual damages recovery as well as the separate recovery of attorney's fees. The ultimate fee received by Foulston Siefkin LLP will be calculated in accordance with the agreements executed with its clients.

compensatory damages, and interest for each Plaintiff-Intervener and class member is set forth on Exhibit 1, which will be filed under seal to maintain the confidentiality of this information as to each individual.

2.  As set forth on Exhibit 1, the division of settlement proceeds to be paid to each Plaintiff-Intervener and class member reflects an allocation of 30% to back wages, 60% to compensatory damages, and 10% to interest.  The Court has examined the pleadings and allegations in this case, and the allocation set forth on Exhibit 1, and believes that this allocation fairly and accurately distributes settlement proceeds in accordance with the alleged claims that are being settled.[2]

3.  Akal shall deduct only the employee's portion of FICA and applicable federal and state income tax and employment taxes from the back wage checks, and it shall report this payment to each class member via an IRS Form W-2.  Akal shall not take any deductions from the checks for interest and compensatory damages, which are allocated for emotional distress and other non-wage damages.  Akal shall report the payments for interest and compensatory damages to each class member via an IRS Form 1099 with the payment designated as "other income."  Akal shall pay the amount set forth on Exhibit 2 for attorney's fees and costs to Foulston Siefkin LLP, which will provide Akal's counsel with an executed IRS Form W-9.  Akal shall report this payment via an IRS Form 1099 to Foulston Siefkin LLP.

---

[2] The final recovery to be received by each Plaintiff-Intervener and class members Robin James and Cassandra Robinson, and the final amount for attorney's fees and costs to be received by Foulston Siefkin LLP have been calculated in accordance with each client's Representation and Fee Agreement and are set forth on Exhibit 2, which will also be filed under seal to maintain the confidentiality of the individual settlement proceeds.  For the Court's and the parties' convenience, Exhibit 2 sets forth the final recovery for all class members, although the settlement amounts for the class members not represented by Foulston Siefkin LLP are identical to the amounts from Exhibit 1 for those individuals.

   4. The EEOC and counsel for Plaintiff-Interveners will mail a copy of the release agreement (attached hereto as Attachment A) and a blank IRS Form W-4 to each Plaintiff-Intervener and/or class member.  Each Plaintiff-Intervener and class member must execute and return the release agreement and Form W-4 to the EEOC or counsel for Plaintiff-Interveners.  The EEOC or counsel for Plaintiff-Interveners will send to Akal the executed release agreements and W-4 forms received from the Plaintiff-Interveners and class members.

   5. Within 21 days of the entry of the Consent Decree, Akal shall issue settlement payments as set forth below and in accordance with the amounts set forth on Exhibit 2.

    A. Akal shall issue and deliver to Foulston Siefkin LLP via overnight mail the back wage and compensatory damage/interest checks payable to the Plaintiff-Interveners, Robin James, and Cassandra Robinson, and the check to Foulston Siefkin LLP for attorney's fees and costs.  Except as noted below, Akal will timely issue a Form W-2 to each individual for her back wage payment and a Form 1099 to each individual for her compensatory damages and interest, and a Form 1099 to Foulston Siefkin LLP for the payment of attorney's fees and costs.

     1. Due to Plaintiff-Intervener Tamara Coulter's (formerly Ransom) pending bankruptcy action (Case No. 06-41214-7, Bankr. Kan.), the back wage and compensatory damage/interest checks for Ms. Coulter shall be made payable to "Patricia Hamilton, Trustee."  The back wage check for Ms. Coulter shall be reported via a W-2 using the tax information provided by Ms. Coulter on her W-4.  The compensatory damage/interest check shall be reported using a Form 1099 to the tax identification

number identified on the W-9 associated with Ms. Coulter's bankruptcy estate that Plaintiff-Intervener's counsel will provide.

                        2.       The back wage check for Plaintiff-Intervener Shannon Smith shall be payable to Shannon Smith and reported via a W-2 using the tax information provided by Ms. Smith on her W-4. Due to Ms. Smith's pending bankruptcy action (Case No. 06-40397, Bankr. Kan.), the compensatory damage/interest check for Shannon Smith shall be made payable to "Robert L. Baer, Trustee." The compensatory damage/interest check shall be reported using a Form 1099 to the tax identification number identified on the W-9 associated with Ms. Smith's bankruptcy estate that Plaintiff-Intervener's counsel will provide.

            B.       Akal shall issue and deliver to Jessica Behnke,[3] Raminica Bruce, Shereta Butler, Jennifer Cataldo, Regina Craddock, Kim Daniels, Wendy Davis, Jessica Fisher, Sabrina Hansen, Lateshia Newberry, Cynthia Oliver, Lisa Plummer, Yvonne Richards, Mirna Samuel-Bess, and Kerry Verner the back wage and compensatory damage/interest checks payable to each by mailing said payment by certified mail to the address for that individual as provided to counsel for Akal by counsel for the EEOC. Counsel for Akal shall provide copies of each of these checks to counsel for the EEOC within five (5) business days of the date the checks are mailed. Akal will timely issue a Form W-2 and Form 1099 to each person identified above.

---

[3] Due to Ms. Behnke's pending bankruptcy action, the back wage and compensatory damage/interest checks for Ms. Behnke may be made payable to her bankruptcy counsel or bankruptcy trustee instead of to Ms. Behnke personally. The EEOC shall designate the person to whom Ms. Behnke's checks shall be made payable, and the manner in which such payments shall be reported for tax purposes, at the time it provides Akal's counsel with the signed Release and W-4 for Ms. Behnke.

    C. Notwithstanding the procedure outlined in this paragraph, Akal shall not be required to issue settlement checks for any class member who has not returned her release agreement and Form W-4 by the start of the period in which such checks are processed.  For any class member who provides her release agreement and Form W-4 after the start of the initial 21-day period, Akal will issue and deliver her settlement checks no later than the end of the complete 4-week payroll cycle that starts after Akal's receipt of such class member's documents.

  6. In the event that any funds are unable to be distributed as required by this section, then those funds shall be distributed to a nonprofit organization chosen by the EEOC that advocates for equal employment opportunities for women.

## V.  POSTING OF NOTICE

  Within ten (10) business days following entry of this Decree and the opening by Akal of an office at the U.S. Army Base at Fort Riley, Hood, Stewart, Campbell, Lewis, Anniston, Sunny Point or Blue Grass Army Depot, Akal shall post a copy of the Notice attached to this Decree as Exhibit B on bulletin boards at its corporate offices and any such Army Base offices, which display other postings, including all federal, state, and local government-required information.  Akal shall take reasonable measures to ensure that the posting is not altered, defaced or covered by any other material.  Akal shall certify to the EEOC in writing within ten (10) business days after entry of this Decree that the copy of the Notice has been posted properly and identify the location of such posting.  The Notice shall remain posted for a period of ninety (90) days from the date of entry of this Decree.

## VI.  COMPLAINT REPORTING AND ACCESS

1. For a period of two (2) years from the date the Court approves this Decree, should Akal be awarded a contract which contains a physical agility test, within ten (10) days of contract award, Akal will notify the Commission that it has been awarded the contract and provide a description of the test, the pertinent portions of the contract requiring the test, and the contact information for the contracting agency.

2. For a period of two (2) years from the date the Court approves this Decree, should Akal implement a physical agility test, Akal shall provide a description of the test to the Commission no less than ten (10) days before the physical agility test is implemented and will identify any known pregnant employee who is required to submit to such test.  In its reports to the Commission required by this Decree, Akal will provide the following information:

    A. The name, address, and telephone number of the known pregnant employee(s) who were required to take the test;

    B. A description of any accommodation or modification of the test that is available to employees with temporary disabilities, including pregnancy;

    C. Whether any pregnant employee requested an accommodation or modification of the test; and

    D. If the accommodation or modification was not provided, an explanation of why it was not provided.

3. For a period of  two (2) years from the date the Court approves this Decree, Akal shall provide a report to the Commission every six (6) months (4 reports total)  identifying all known pregnant female employees of Akal who are not permitted to take a physical agility test because of their pregnancy, are given a physical agility test and fail it, are not permitted to take a weapons test due to their pregnancy,  are given a

weapons test and fail it, are required to take a leave of absence because of pregnancy, are separated from the company, or make a complaint of pregnancy discrimination to a salaried manager or salaried supervisor or to Corporate Human Resources. The reports shall include at a minimum the following information:

  A. name, last known residential address, and land line and/or cell telephone number of the employee;

    B. whether the employee was not permitted to take a physical agility test and,
if not, why;

    C. whether the employee failed a physical agility test;

    D. whether the employee took a leave of absence and, if so, the circumstances
surrounding the leave, the dates of the leave, whether it was paid
or
unpaid, and whether she returned to work at Akal after the leave;

    E. whether she was separated from the company and, if so, the date of her separation and the reason for the separation;

    F. whether she made a complaint of pregnancy discrimination (internal or external) to a salaried manager or salaried or to Corporate Human Resources and, if so:

     (1) the name and position title of the person about whom the complaint was made;

     (2) the date of the complaint;

     (3) the allegations in the complaint; and

     (4) the actions taken, if any, as a result of the investigation of the complaint;

  3. Upon request, Akal shall furnish promptly all documents in its possession related to items (B) – (F) above when producing its reports.

      4.      Akal shall provide all written reports required by this Decree to Barbara A. Seely, Regional Attorney, United States Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103

      5.      During the term of this Decree, Akal shall allow representatives of the Commission to review its compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials at its corporate headquarters. Any request for such access will be made in advance by the Commission in writing addressed to Janet Gunn, Vice President Human Resources, and such inspection or interviews will be scheduled at a mutually agreed date and time.

### VII.  DISSEMINATE AN ANTI-DISCRIMINATION POLICY

      1.      Within thirty (30) days of the date the Court approves this Decree Akal's Chief Executive Officer shall issue and disseminate an anti-discrimination policy to all Akal supervisory and non-supervisory employees.  Such anti-discrimination policy shall include, at a minimum: (1) a definition of unlawful discrimination under the Pregnancy Discrimination Act ("PDA"); (2) a clear and effective procedure with multiple reporting channels for employees to report possible pregnancy discrimination; (3) a pledge of no retaliation against any employee for reporting possible discrimination, participating in the investigation of such report or any other protected activity; (4) a statement that the handling of equal employment opportunity issues is an element of manager and supervisor job duties  and will be considered when determining eligibility for promotions, transfers and awards; and (5) a statement that employees who engage in unlawful discrimination risk losing their jobs.

      2.      The policy shall be included in any relevant policy or employee manuals kept by Akal.  The policy also shall be posted in conspicuous and accessible places for all employees of Akal where Akal regularly posts notices to employees.

3. A copy of the policy shall be distributed to each new employee on the date the employee is hired and to other employees with their paycheck stubs.

## VIII.  REVISION OF MANAGER/SUPERVISOR PERFORMANCE EVALUATIONS AND TRAINING

1. Beginning within thirty (30) days of the date the Court approves this Decree, when Akal conducts manager/supervisor performance evaluations, it shall include compliance with and support for company equal employment opportunity policies as an element.

2**.** During the term of this Decree, Akal shall annually provide EEOC compliance training to all Akal salaried managers and salaried supervisors, including at least one hour of training on the PDA and retaliation for complaining about pregnancy discrimination, unless such training was provided after August 1, 2010 (which would satisfy the requirement for the first year only of this Decree).   The training on the PDA shall cover an employer's obligation  to: (1) prevent discrimination against a qualified pregnant individual because of such individual's pregnancy in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment; or (2) avoid qualification standards, employment tests or other selection criteria that screen out or tend to screen out pregnant individuals unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity.  Such training shall be conducted by a competent trainer and may be provided through a video or web-based presentation.

3. Akal shall provide to the Commission written confirmation of its compliance with the training requirements described above within thirty (30) days of

completion of this requirement each year.  Akal shall provide to the Commission the name and contact information for the entity and/or individual who provided the training, the approximate number of employees who were trained, the dates or time period of such training, and the training agenda.

## IX.  DURATION OF THE DECREE AND RETENTION OF JURISDICTION

All provisions of this Decree shall be in effect, and the Court will retain jurisdiction of this matter to enforce this Decree, for a period of  two (2) years immediately following entry of  the Decree.

## X.  MISCELLANEOUS PROVISIONS

1. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Akal, and any successor(s) of Akal shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Akal, or any successor of Akal, prior to the effectiveness of any such acquisition or merger.

2. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs except as provided herein.

Date:   December 2, 2010.

                                            s/ J. Thomas Marten
                                           UNITED STATES DISTRICT JUDGE

BY CONSENT:

FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


/s/ *Anne E. Gusewelle*
ANNE E. GUSEWELLE
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office
Gateway Tower II
4th and State Avenue, 9th Floor
Kansas City, Kansas 66101
Telephone: (913) 551-5844
Fax: (913) 551-5957

Barbara Seely, Regional Attorney
Felix Miller, Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg
1222 Spruce, Room 8.100
St. Louis, Missouri 63103
Telephone: (314) 539-7910
Fax: (314) 539-7894

-AND-

FOR PLAINTIFF-INTERVENERS
MELISSA BELL *et al.*,


*/s/ Forrest T. Rhodes, Jr.*
FORREST T. RHODES, JR.
DONALD D. BERNER
JAY F. FOWLER

FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas, 67206
Telephone (316) 267-6371
Fax: (316) 267-6345

-AND-

FOR DEFENDANT AKAL SECURITY, INC.


*/s/ Owen T. Hill*
DION Y. KOHLER
OWEN T. HILL

JACKSON LEWIS LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 525-8200
Fax: (405) 525-1173

Attachment A

**RELEASE**

In consideration for the settlement proceeds paid to me by Akal Security, Inc. as set forth in the Consent Decree entered in connection with the resolution of <u>EEOC v. Akal Security, Inc.</u>, 08-1274-JTM-KMH (D. Kan), I waive my right to recover for any claims of discrimination arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against Akal, prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in the above-referenced case.

Dated: _____          Name: _____

Attachment B

# **NOTICE** [company letterhead]

This Notice is being posted pursuant to a Consent Decree between Akal Security, Inc. and the Equal Employment Opportunity Commission.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's disability, race, color, religion, sex, national origin, or age (40 and over) with respect to hiring, promotion, firing, compensation or other terms, conditions or privileges of employment.

Federal law also requires that there be no discrimination against any employee based on her pregnancy, including: (1) terminating such individual, (2) forcing the individual to take an unpaid leave of absence, or (3) demoting the individual because of her pregnancy.

Akal Security, Inc. supports and will comply with such law in all respects and will not take any action against employees because they have exercised their rights under the law.

Akal Security, Inc. employees are encouraged and requested to promptly report to their supervisor, to a senior manager, to the Director of Human Resources, or to the hot-line any possibly unlawful discrimination.  Complaints will be handled with as much confidentiality as possible, and no employee who makes a report or provides information as a witness will be penalized or retaliated against for doing so. An immediate investigation will be conducted and appropriate corrective action, as necessary, will be taken, up to and including termination of the wrongdoer.  An employee also may report possibly unlawful discrimination or harassment to the Equal Employment Opportunity Commission, 4th and State Ave., 9th Flr., Kansas City, KS 66101, (913) 551-5655.

_____                                  _____
Date                                                                           Chief Executive Officer
                                                                                       Akal Security, Inc.